RICHARD FLOYD KING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
King v. Commissioner
Docket No. 8742-72.
United States Tax Court
T.C. Memo 1975-57; 1975 Tax Ct. Memo LEXIS 316; 34 T.C.M. (CCH) 326; T.C.M. (RIA) 750057; March 13, 1975, Filed *316 Richard Floyd King, pro se. Eugene H. Ciranni, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $1,425.89 in petitioner's 1969 Federal income taxes. Petitioner having made certain concessions, the following issues remain for our decision: 1) Whether petitioner is entitled to business and employee expense deductions in excess of the $420 of such deductions allowed by respondent; 2) Whether petitioner may claim a depreciation deduction on a condominium he purchased in November 1969; 3) Whether petitioner is entitled to a theft loss deduction for certain alleged damage to his automobile. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Richard F. King (petitioner) was a resident of Ewa Beach, Hawaii on the dates he filed his petition and amended petition herein. Petitioner's individual Federal income tax returns for his 1969 calendar year were filed with the district director of internal revenue, Honolulu, Hawaii. On January 2, 1969, petitioner commenced work with Theo. H. Davies & Co., Ltd. (Davies) in Honolulu, Hawaii. During 1969, petitioner's *317 duties included the surveying of several proposed business acquisitions by Davies, as well as the handling of Davies' proposed office relocation in downtown Honolulu, and its establishment of a large warehousing complex in that city. Petitioner's position with Davies during 1969 was as a division manager in the commercial products department of the company, the structural division of which petitioner assisted in organizing during that year. Such division sold construction material to architects and builders, and as part of his job, petitioner would, on occasion, entertain such clients. During 1969, petitioner received approximately $11,200 in salary from Davies. At Davies, it was company policy to reimburse employees for any legitimate expense they might incur on behalf of the company. An employee making such expenditures would, at the end of the month in which such expenditures were incurred, submit an itemized list of the expenditures to the company for approval and payment. During 1969, petitioner submitted such lists to Davies for expenses totaling $2,205.23, and was reimbursed by the company for that amount. He was also reimbursed an additional $900 for expenses incurred in *318 the use of his automobile on Davies' business during 1969. Forms filed for reimbursement are to be distinguished from monthly activity reports which certain Davies' employees would file with their supervisors. On such reports, an employee would list those projects on which he had worked, and any sales he had made during the particular month. Petitioner made such reports to his supervisor, Don Hine. On November 2, 1969, petitioner through his proprietorship, King & Associates, purchased the apartment in which he had been living for some time. The purchase price was $21,990. There is no evidence in the record of any attempts by petitioner to rent such apartment to third parties. Earlier that year, petitioner's 1966 Mercury automobile was stolen from near his place of employment. The police, however, did recover the car for petitioner. On his 1969 return, petitioner claimed deductions totaling $4,870 for travel, entertainment and automobile expenses allegedly incurred as an employee of Davies. On June 14, 1973, after all the pleadings in the instant case had been filed, petitioner filed an amended return on which he claimed that he had actually incurred in 1969 $7,122.85 of deductible *319 travel, entertainment, automobile and office expenses as an employee of Davies. Respondent has disallowed all but $420 of such claimed deductions. The expenses petitioner claimed as deductions on his amended return are in addition to those for which he received reimbursement from Davies during 1969. Petitioner also claimed on his 1969 return a $183 deduction for depreciation on the apartment he had purchased in November of 1969, as well as a $575 theft loss in connection with the theft of his car in March. It is petitioner's position as to the theft loss that it cost him $250 to repair the damage done to his car by the thieves, and that such thieves also stole $325 of recording and drafting equipment from the car's trunk, which equipment has not been recovered by petitioner. In his statutory notice, the respondent disallowed in full the above described depreciation and theft loss deduction. OPINION The first issue to be decided is whether petitioner is entitled to deduct expenses totaling $7,122.85 which he allegedly incurred in the pursuit of his employer Davies' business in 1969. Travel, entertainment, automobile and office expenses were included in petitioner's claim for deductions. *320 We have found as a fact that it was Davies' policy to reimburse all employees for any expenses they might incur in pursuing company business. No reason has been given by petitioner why the expenses for which he claims the deductions would not have been reimbursed after the submission of proper vouchers to Davies. Such circumstances effectively decide the issue before us, for it is well established that an employee may not, by voluntarily neglecting to claim reimbursement from his employer for reimbursable expenses, convert expenses of his employer into those of his own for purposes of tax deductions. , affd. per curiam (C.A. 2, 1964); ; , affd. (C.A. 2, 1972). Petitioner presented not even a scintilla of evidence in support of his position that these particular expenses would not have been reimbursed by Davies. He did contend at trial that he had not filed vouchers on the advice of his supervisor, Don Hine. Hine, who was employed somewhere in Honolulu *321 at the time of the trial in the instant case, was not, however, called by petitioner as a witness. Thus, in the absence of any explanation by petitioner for his failure to call Hine as a witness, together with the fact that other competent testimony at the trial supported respondent's position that Davies would have reimbursed petitioner's alleged expenses in full, we must find that petitioner has failed to carry his burden of showing that these expenses were properly his, and not those of his employer. Furthermore, even were we to give full credence to petitioner's statements as to Davies' reimbursement policy, he has not come forth with any evidence that he incurred any more deductible expenses than the $420 allowed by respondent, and the $3,105.23 reimbursed by Davies. We will not lightly assume, in the instant case, that petitioner incurred unreimbursable expenses amounting to almost 80 percent of his total salary, and again must find a total failure by petitioner to carry his burden of proof. We must reach similar conclusions as to the deductions he has claimed for depreciation on his condominium, and for the theft of his car. In the case of the depreciation deduction, petitioner *322 presented no evidence that he ever attempted to rent the apartment, or that such apartment was ever in any way a part of any profit seeking venture of petitioner or his sole proprietorship. And as to the theft of his car, such car was recovered for him by the police, and there was not the least showing by petitioner of any loss in connection with the theft. Decision will be entered for the respondent.